UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
3470 Twelfth Street, Riverside, CA  92501
<u>CIVIL MINUTES -- GENERAL</u>

Case No.    CV 07-2588-SGL                                               Date:  December 16, 2008

Title:     MORION JAMES HARRIS *-v-* WARDEN NORWOOD, A. RUSSEL (DHO), A. CORRILLO, R. HOOK
==================================================================
PRESENT:  HONORABLE STEPHEN G. LARSON, U.S. DISTRICT JUDGE

        Jim Holmes                                        None Present
        Courtroom Deputy                         Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFFS:        ATTORNEYS PRESENT FOR DEFENDANTS:

None present                                                                None present

PROCEEDINGS:     MINUTE ORDER (IN CHAMBERS)

**ORDER DENYING PETITION WITH PREJUDICE**

     The Court has received and reviewed petitioner Morion James Harris' petition for writ of habeas corpus pursuant to Title 42, United States Code, Section 2241, filed on April 18, 2007, the government's response thereto, filed November 20, 2007, as well as the files and records in this case.

     Petitioner alleges that (1) he was deprived of Good Conduct Time (GCT) credits without being afforded a hearing; (2) that the Residential Reentry Center (RRC) where he was housed does not have the authority to change his sentence release date; and (3) that if his GCT had not been disallowed as a result of the Center Disciplinary Committee (CDC) hearings, then he would have been released before he was indicted on the charge of possessing contraband at United States Penitentiary (USP) Victorville.  The Court finds each of his claims to be without merit.

     As set forth and well-documented in the government's response, petitioner was in fact afforded disciplinary hearings consistent with due process requirements prior to the loss of GCT credits with respect to his prior sentence of imprisonment, and was thereafter properly returned from the RCC back to USP Victorville.  <u>See</u> Government's Response at 5-11 and attached exhibits

MINUTES FORM 90                                                         Initials of Deputy Clerk __jh_____
CIVIL -- GEN                                1

and declarations.  Contrary to petitioner's allegations, it was not the RCC that determined that petitioner should be returned to USP Victorville; rather, the record clearly reveals that the established discipline process required by law were followed by the RCC; that petitioner was afforded two Community Discipline Committee (CDC) hearings, at which it was established that petitioner committed two separate disciplinary violations(one for being unaccounted for and the other for being under the influence of alcohol); and that Disciplinary Hearing Officer Ruth Wiley reviewed the CDC discipline process and properly determined that the CDC complied with all due process requirements, found that the charges against petitioner were supported by the evidence, and thereafter disallowed petitioner's GCT credit and recommended a disciplinary transfer to a more secure facility.  Following this finding, petitioner was transferred from the RRC to USP Victorville and his release date was recalculated based on the disallowance of his GCT credit.  There is no legal or factual support for petitioner's claim that his due process rights were violated either in the hearing process or in the recalculation of his release date.

     Moreover, petitioner's final claim that, had his sentence not been recalculated he would not have been indicted on the instant offense, is meritless.  Not only does it fail for being predicated on the assumption that the recalculation was improper, which is rejected for the reasons set forth above, but for the additional reason that petitioner committed the offense on July 24, 2006, weeks before his original release date of August 12, 2006.

     In the absence of any due process violation or any other viable claim, the petition is DISMISSED with prejudice.

     **IT IS SO ORDERED.**